REQUESTED BY: Senator John DeCamp 1116 State Capitol Lincoln, NE 68509
Dear Senator DeCamp:
As amended, LB 452 authorizes a regional out-of-state bank holding company to acquire a "problem" bank in the State of Nebraska. You have requested our opinion as to whether state law can prohibit either the acquired bank or the acquiring out-of-state bank holding company from exercising all rights of a Nebraska bank, such as further branching. It is our opinion that the Legislature may place such restrictions on the acquired bank or the acquiring out-of-state bank holding company.
For purposes of answering your question, we rely upon the amendments to LB 452 as found in the Legislative Journal of April 2, 1985, pgs. 1348-1350. As so amended, LB 452 allows regional out-of-state bank holding companies to acquire banks within the State of Nebraska after July 1, 1987, so long as the home state of the out-of-state bank holding company provides reciprocal treatment to Nebraska banks or bank holding companies. Regional out-of-state bank holding companies are allowed, under certain conditions, to acquire a "problem" bank in Nebraska prior to July 1, 1987. However, a "problem" bank acquired by a regional out-of-state bank holding company would not be allowed to expand its operations by merging or acquiring any other Nebraska bank. In effect, a Nebraska bank acquired by a regional out-of-state bank holding company would be treated differently than a Nebraska bank owned by a Nebraska bank holding company until July 1, 1987.
It is clear that LB 452 would place a restriction upon out-of-state bank holding companies from coming into the State of Nebraska and acquiring banks within the state. The Commerce Clause grants to Congress the power to regulate commerce among the several states. U.S. Constitution, Article I, Section 8, paragraph 3. If Congress authorizes the states to regulate an aspect of interstate commerce, any action taken by a state within the perameters of that authority is invulnerable to challenge. Northeast Bancorp, Inc. v. Board of Governors of the Federal Reserve System, 740 F.2d 203 (2d Cir. 1984). Section 3(d) of the Bank Holding Company Act (also known as the Douglas Amendment) authorizes the states to control acquisition of banks within their borders by out-of-state bank holding companies. It has been held that Congress, through the Douglas Amendment, authorized the states to limit acquisitions of banks within their states to regional bank holding companies. Northeast Bancorp, Inc. v. FRB. Because the languages of the Douglas Amendment is very broad, we do not believe that the limitations upon out-of-state bank holding companies, imposed by LB 452, would exceed the authority granted to the state by Congress, to regulate acquisitions of Nebraska banks by out-of-state bank holding companies.
A more critical question is whether LB 452 violates the Equal Protection Clause, which provides: "No state shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Constitution, Amendment 14, Section 1. It could be contended that such a violation would exist because LB 452 limits a Nebraska bank's ability to expand its operations, based solely upon its ownership by either an out-of-state bank holding company or an in-state bank holding company or bank. There are situations in which the states may classify and treat foreign corporations differently from both individuals and domestic corporations. However, the classification must be rationally related to the achievement of a legitimate state purpose. Western and Southern Life Insurance Company v. State Board of Equalization,451 U.S. 648 (1981). The question then becomes, is LB 452 rationally related to the achievement of a legitimate state purpose? We believe it is.
It could be argued that the provisions of LB 452, which allow a regional out-of-state bank holding company to acquire a "problem" bank, serve to increase the number of purchasers of troubled banks in Nebraska at a time of increased distress in the banking community. By prohibiting an acquired bank from expanding its operations until July 1, 1987, the legislation would prevent an out-of-state bank holding company from utilizing its takeover of a "problem" bank, from expanding its advantage over other regional out-of-state bank holding companies, which are prevented from entering the state until July 1, 1987. Therefore, the limitations included in LB 452 can be supported as rationally related to the legitimate state interests in regulating the entry of out-of-state bank holding companies into the State of Nebraska. We would caution that the case of Northeast Bancorp, Inc. v. Board of Governors of the Federal Reserve, cited above, is presently before the United States Supreme Court for review. Therefore, the power of the states to regulate acquisitions by out-of-state bank holding companies is subject to change. However, until the United States Supreme Court determines otherwise, it is our opinion that LB 452 would withstand constitutional attack.
Very truly yours,
ROBERT M. SPIRE Attorney General
Timothy E. Divis